NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY,<br><br>               Plaintiff-Appellee,<br><br>  v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>               Defendant-Appellant. | No.   18-15770<br><br>D.C. No.<br>2:12-cv-01489-MCE-AC<br><br><br>MEMORANDUM[*] |
| AMERICAN STATES INSURANCE COMPANY,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>               Defendant-Appellee. | No.   18-15861<br><br>D.C. No.<br>2:12-cv-01489-MCE-AC |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 6, 2019

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

Insurance Company of the State of Pennsylvania ("ICSOP") appeals the district court's grant of partial summary judgment in favor of American States Insurance Company ("American"), which held that ICSOP's commercial umbrella insurance policy ("the ICSOP Policy") created a co-primary duty to defend Sierra Pacific Industries ("Sierra") in the underlying Moonlight Fire lawsuits. American cross-appeals the district court's "equal shares" apportionment of costs and denial of prejudgment interest. We review the district court's order granting partial summary judgment de novo, *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 14, 1992), its equitable allocation of defense costs for abuse of discretion, *see Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 778 (9th Cir. 2019), and its denial of prejudgment interest de novo, *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 920–21 (9th Cir. 2009). For the reasons that follow, we affirm in part, reverse in part, and remand.

We begin with the premise that "it is the policy language that controls the attachment of coverage." *Carmel Dev. Co. v. RLI Ins. Co.*, 24 Cal. Rptr. 3d 588, 596 (Ct. App. 2005) (citing *20th Century Ins. Co. v. Liberty Mut. Ins. Co.*, 965 F.2d 747, 756 (9th Cir. 1992)). American's commercial general liability policy ("the American Policy") provides that it will defend its additional insured, Sierra,

against any "suit" seeking damages from Sierra, but only "to the extent" Sierra is vicariously liable for the named insured's (Howell's Forest Harvesting) operations. American's primary indemnity coverage (and duty to defend) thus did not extend to Sierra's potential non-vicarious liability for the property damage from the fire, creating a gap in the scope of American's defense obligation as to the underlying suits.

"Any gaps in coverage left open" by underlying insurance may be filled by other insurance, however. *Powerline Oil Co. v. Superior Court*, 118 P.3d 589, 603 (Cal. 2005) (citing 2 Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2003), ¶ 8:84 p. 8–33) (internal quotation marks omitted). When claims are covered by an umbrella insurance policy but not by the underlying primary insurance, the umbrella insurer must "drop[] down to provide primary coverage." *Legacy Vulcan Corp. v. Superior Court*, 110 Cal. Rptr. 3d 795, 803–04 (Ct. App. 2010) (internal quotation marks omitted).

In addition to providing excess coverage, the ICSOP Policy includes an umbrella clause providing that ICSOP will cover "the total of all damages" resulting from property damage "covered by the [ICSOP] Policy *but not covered by any underlying insurance*" up to a $10 million occurrence limit. The ICSOP Policy likewise creates both excess and umbrella defense obligations; its umbrella defense obligation provides in relevant part that ICSOP has a "duty to defend any

3

claim or suit seeking damages covered by" the ICSOP Policy "but not covered by any underlying insurance[.]" Since the American Policy provides for a duty to defend only with respect to Sierra's vicarious liability, the district court correctly determined that ICSOP had a duty to drop down and defend the underlying suits in a co-primary capacity with American. *See Md. Cas. Co. v. Nationwide Mut. Ins. Co.*, 97 Cal. Rptr. 2d 374, 379 (Ct. App. 2000).

Turning to American's equitable contribution claims, "[t]he doctrine of equitable contribution applies to insurers who share the *same* level of obligation on the *same* risk as to the *same* insured." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 77 Cal. Rptr. 2d 296, 304 n.4 (Ct. App. 1998). Because American and ICSOP shared the same level of obligation (i.e., co-primary) on the same risk for the same insured, and American undertook its defense duty while ICSOP did not, the district court correctly held American is entitled to equitable contribution of defense costs from ICSOP.

In apportioning defense costs, the district court determined that the most equitable approach was to split costs equally between American and ICSOP. The district court did not abuse its discretion. It is a "fundamental principle" that trial courts have equitable discretion "to select a method of allocating costs among insurers . . . based on the facts and circumstances of the particular case[.]" *Centennial Ins. Co. v. U.S. Fire Ins. Co.*, 105 Cal. Rptr. 2d 559, 562 (Ct. App.

4

2001).  In choosing the equal shares approach, the district court adopted one of the six recognized approaches under California law for reapportioning defense costs between participating and non-participating insurers.  *Scottsdale Ins. Co. v. Century Surety Co.*, 105 Cal. Rptr. 3d 896, 903 (Ct. App. 2010).  The facts and circumstances of this case do not mandate the policy limits approach as American asserts.  Accordingly, "the 50–50 allocation of defense costs in this case was well within the trial court's equitable discretion."  *Fireman's Fund*, 77 Cal. Rptr. 2d at 314.[1]

Finally, regarding prejudgment interest, "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day[.]"  Cal. Civ. Code § 3287(a).  Because Sierra's total defense costs were fixed as of October 31, 2012, and the court's allocation of indemnity turned "exclusively on legal issues," *State v. Cont'l Ins. Co.*, 223 Cal. Rptr. 3d 716, 735 (Ct. App. 2017), ICSOP's damages were capable of being made certain by calculation.  Thus, the district court erred in denying

---

[1] Additionally, the district court did not abuse its equitable discretion by declining to credit ICSOP's $3.4 million payment to resolve Sierra's bad faith claims against ICSOP as participation in Sierra's defense for purposes of the court's cost allocation determination.  The district court also correctly disregarded American's umbrella policy in apportioning costs, as that policy only created a duty to defend against claims arising out of an occurrence not covered "in whole or *in part*" by the underlying policy.

prejudgment interest to American, and we remand with an instruction to award prejudgment interest to American from October 31, 2012, until the date the district court enters its new judgment.

Each party will bear its own costs for this appeal.

**AFFIRMED IN PART and REVERSED IN PART, and REMANDED.**